IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER HOEPPNER,

                          OPINION AND ORDER

        Plaintiff,

                          14-cv-162-bbc

    v.

TOWN OF STETTIN and
MATTHEW WASMUNDT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Roger Hoeppner is a resident of the town of Stettin who attended meetings of the town board and often made comments during the "open discussion" segments of the meetings. Defendant Matthew Wasmundt is the town board chairperson. In this lawsuit brought under 42 U.S.C. § 1983, plaintiff alleges that defendants silenced him at two meetings and then stopped allowing any public comments at town meetings, in violation of the First Amendment. Defendants have filed a motion for summary judgment, dkt. #9, which is ready for review.

I am denying defendants' motion with respect to the decision to stop plaintiff from talking at town board meetings on July 22, 2013 and August 12, 2013 because a reasonable jury could find that defendant Wasmundt silenced plaintiff because plaintiff was being critical rather than because Wasmundt believed that plaintiff was disruptive. With respect to plaintiff's claim that defendants violated his First Amendment rights by ending public

1

comments at town board meetings, I am directing the parties to submit supplemental briefing on legislative immunity and the extent to which <u>Grossbaum v. Indianapolis-Marion County Building Authority</u>, 100 F.3d 1287 (7th Cir. 1996), forecloses that claim.

OPINION

A. <u>July 22, 2013 and August 12, 2013 Meetings</u>

The first question is whether a reasonable jury could find that defendants violated plaintiff's First Amendment rights by stopping him from continuing to talk during "open discussion" portions of town board meetings on July 22, 2013 and August 12, 2013. (Defendants discuss other meetings in their opening summary judgment brief and plaintiff discusses other meetings in his proposed findings of fact, but plaintiff states in his response brief that he is not challenging defendants' conduct at the other meetings, dkt. #16 at 1-2, so I do not need to consider those.) Both sides seem to assume that the town is a proper party on this claim because defendant Wasmundt, as the board chairperson, is the final policy maker for the town with respect to running town board meetings, <u>Vodak v. City of Chicago</u>, 639 F.3d 738, 748 (7th Cir. 2011), so I do not consider that question.

It is undisputed that plaintiff had a right to speak at the meetings. As defendant Wasmundt stated himself at the July 22 meeting, the purpose of the "open discussion" portion of the meeting was to allow discussion of "anything that is not on the agenda that anyone wants to talk about." Dkt. #11-8 at 0:04-0:09. It is also undisputed that defendant Wasmundt allowed plaintiff to talk for two to three minutes at both meetings before telling

him to stop and ordering him to leave the meeting. The question raised by the parties is whether Wasmundt's decision was a reasonable restriction on the time, place and manner of speech at the meeting.

"Even in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." McCullen v. Coakley, 134 S. Ct. 2518, 2529 (2014) (internal quotations and alterations omitted). See also Milestone v. City of Monroe, Wisconsin, 665 F.3d 774, 783 (7th Cir. 2011) ("If the [restriction] is a content-neutral 'time, place, or manner' regulation, it can survive as a reasonable exercise of governmental authority, regardless of which speech-forum category applies."). Defendants focus on the question whether their conduct was content-neutral, so I will do the same.

Defendants do not argue that plaintiff violated any rules about the amount of time he was allowed to talk or the subject matters he could address. Instead, defendants say that Wasmundt's conduct qualified as content-neutral because plaintiff's speech at the July 22 and August 12 meeting was "disruptive." Dfts.' Br., dkt. #12, at 12-13 (citing White v. City of Norwalk, 900 F.2d 1421, 1425-26 (9th Cir. 1990) (council could restrict citizen's speech at public meeting if "the Council is prevented from accomplishing its business in a reasonably efficient manner")). Plaintiff acknowledges that it is permissible to limit speech that is disruptive or repetitive, but he denies that he was either of those things and he argues

3

that the real reason that Wasmundt tried to shut him up was that he was making statements that were critical of Wasmundt. Defendants do not contradict plaintiff's argument that Wasmundt was not entitled to censor plaintiff for making critical statements, even if Wasmundt believed that plaintiff's statements were false, so I need not consider the question.

In their opening brief and proposed findings of fact, defendants offer few specifics regarding the reasons they believe that plaintiff was being "belligerent and disruptive" at the July 22 meeting or "repetitive and disruptive" at the August 12 meeting. Certainly, one could argue that some of plaintiff's comments were petty and unproductive. For example, at the July 22 meeting, plaintiff complained that one board member was wearing a hat. Dkt. #11-8 at 0:45-1:02. At the August 12 meeting, plaintiff asked multiple board members when they had been "sworn in." Id. at 1:18-1:58. However, Wasmundt allowed plaintiff to continue speaking after he made those comments.

At the July 22 meeting, defendant Wasmundt told plaintiff to stop talking after plaintiff accused Wasmundt of approving a particular driveway project improperly. Id. at 2:12-2:57. At the August 12 meeting, Wasmundt told plaintiff to stop talking after plaintiff called one of the other board members Wasmundt's "yes man." Id. at 2:20-2:51. At those points in the discussion, plaintiff's interaction with Wasmundt had become more confrontational, if not rude and combative. However, both sides seem to assume that, even if plaintiff's comments could be viewed as disruptive objectively, defendants are not entitled to summary judgment if a reasonable jury could find that Wasmundt silenced plaintiff

4

because of the content of his speech rather than because he was disrupting the meeting.

The case law seems to support the view that the test includes a subjective component. E.g., Surita v. Hyde, 665 F.3d 860, 871-73 (7th Cir. 2011) (considering defendant's motive when deciding whether decision to restrict plaintiff's speech at council meeting was content-neutral); Lowery v. Jefferson County Board of Education, 586 F.3d 427, 434-35 (6th Cir. 2009) (considering whether "impermissible viewpoint discrimination motivated the decision to bar the plaintiffs from speaking" at school board meeting); Jones v. Heyman, 888 F.2d 1328, 1332 (11th Cir. 1989) (considering defendant's motive when deciding whether decision to restrict plaintiff's speech at council meeting was content-neutral). Accordingly, I need not decide in the context of defendants' motion for summary judgment whether plaintiff's speech was so disruptive that a reasonable person in defendant Wasmundt's shoes could have restricted plaintiff's speech. Rather, the only question I need to decide is whether a reasonable jury could find that defendant Wasmundt censored plaintiff's speech because plaintiff's statements were critical of Wasmundt.

Although the evidence is not one-sided, I agree with plaintiff that a reasonable jury could find in his favor. With respect to the July 22 meeting, after plaintiff accused defendant Wasmundt of improperly approving a driveway project, Wasmundt stated, "that is a false statement" and "you just made a statement that is a lie." Dkt. #11-8 at 2:24-2:37. Wasmundt concluded by saying, "Mr. Hoeppner we are not going to sit here and go through the same thing that we always do where you lie to the board." Id. at 2:42-2:47. After plaintiff asked Wasmundt several times whether he was a liar, Wasmundt told plaintiff that

5

he would be removed from the meeting. With respect to the August 12 meeting, after plaintiff accused another board member of being defendant Wasmundt's "yes man," Wasmundt stated, "That's enough commentary from you." Id. at 2:39-2:42. When plaintiff objected, Wasmundt told plaintiff, "You can leave or I can call the sheriff's department to have you removed." Id. at 3:10-3:13. From those statements, a reasonable jury could find that Wasmundt objected to plaintiff's comments not because they were disruptive but because Wasmundt disagreed with what plaintiff was saying.

Defendants argue that focusing on defendant Wasmundt's statements at the end of the discussion leaves out the context of what led up to those statements. However, even if I accept defendants' argument that plaintiff was acting disrespectfully throughout his exchanges with Wasmundt, this does not necessarily strengthen defendants' position. The fact that Wasmundt tolerated plaintiff's statements until plaintiff criticized Wasmundt directly could be viewed as further evidence that Wasmundt was upset with plaintiff's criticism rather than his manner of speaking.

Defendants make an alternative argument that it was reasonable to stop plaintiff from talking because his statements were "repetitive," but they do not explain in their opening brief what they mean by this. In their reply brief, they argue for the first time that plaintiff's July 22 statement about the driveway project was repetitive because he had discussed the same project during a previous board meeting. Because defendants did not raise this issue in their opening brief, the argument is forfeited for the purpose of their motion for summary judgment. Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009). Further, although

defendants are correct that courts have stated that there is no First Amendment right to make repetitive statements at town meetings, Lowery, 586 F.3d at 434-35; White, 900 F.2d at 1426, it is not clear that a statement would meet that standard simply because it involves the same general subject matter as a discussion at a previous meeting. In any event, Wasmundt did not tell plaintiff that he was being cut off because he was being repetitive, so a reasonable jury would not be required to accept that explanation. Fischer v. Avanade, Inc., 519 F.3d 393, 407 (7th Cir. 2008) (defendant's failure to identify reason for adverse action until after lawsuit filed is evidence of pretext).

B. Decision to Remove Public Discussion Periods from Town Board Meetings

Plaintiff's other claim is that defendants violated his First Amendment rights by eliminating the "open discussion" portion of town board meetings as of October 14, 2013. Plaintiff does not argue that, as a general matter, the First Amendment requires town board meetings to include segments devoted to comments by citizens. Thus, plaintiff's claim is distinguishable from a situation in which a municipality attempted to restrict speech in a traditional public forum such as a park or sidewalk. Arkansas Education Television Commission v. Forbes, 523 U.S. 666, 678 (1998) ("The objective characteristics of [traditional public fora] require the government to accommodate private speakers."). Further, plaintiff does not deny that defendants' decision is neutral on its face in the sense that it prohibits *all* members of the public from speaking at town board meetings, not just plaintiff. Rather, plaintiff's theory is that defendants violated the First Amendment by

7

eliminating public discussion from its town board meetings for the purpose of preventing plaintiff from speaking at those meetings.

In making this argument, plaintiff ignores Grossbaum v. Indianapolis-Marion County Building Authority, 100 F.3d 1287 (7th Cir. 1996), in which the court upheld the government's decision to ban all private parties from placing displays in the lobby of the city-county building, despite evidence that the government had changed its policy in order to prevent the plaintiff from displaying a menorah there, as he had done in previous years. The court rejected the argument that a "cause of action exists whenever a plaintiff can allege an unconstitutional motive" and it cited United States v. O'Brien, 391 U.S. 367, 383 (1968), for the proposition that a court "will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." Id. at 1293. The court also cited Palmer v. Thompson, 403 U.S. 217 (1971), in which the Supreme Court upheld a city's decision to close its public swimming pools rather than desegregate them. The Court "explicitly declined to inquire into the city council's motives for closing the pools" and "upheld the closings because the petitioners had shown no state action affecting blacks differently from whites." Grossbaum, 100 F.3d at 1293.

In other words, a showing of discriminatory intent is not enough on its own; the plaintiff must show a discriminatory *effect* as well. Id. at 1299 ("[I]t is th[e] unconstitutional effect that ultimately matters."). Without a discriminatory effect, "[w]hatever the intent of the government actors, all viewpoints will be treated equally because the regulation makes no distinctions based on the communicative nature or impact of the speech. A facade for

8

viewpoint discrimination, in short, requires discrimination behind the facade (i.e., some viewpoint must be disadvantaged relative to other viewpoints)." Id. at 1298. In this case, as in Grossbaum, there is no discriminatory effect because defendants' decision to eliminate public discussion applies equally to all members of the public.

The only potential difference between this case and Grossbaum is that the parties in Grossbaum agreed that the city-county building was a "nonpublic forum" and the parties in this case agree that the "open discussion" portions of the town board meetings are a "designated public forum." In Grossbaum, 100 F.3d at 1296, the court acknowledged that the standards for evaluating speech restrictions in public fora and nonpublic fora are not the same. However, the court also stated that Capitol Square Review and Advisory Board v. Pinette, 515 U.S. 753 (1995), supports the view that "content-neutral regulations are free from motive inquiries even in public forum cases." Grossbaum, 100 F.3d at 1298. In Capitol Square, the Court considered whether the government's rejection of a display by the Ku Klux Klan violated the group's First Amendment rights. Although the Supreme Court ruled in favor of the Ku Klux Klan, in Grossbaum, the court of appeals stated that "[e]ight members of the Court joined behind the proposition that the State of Ohio could ban all unattended private displays in [the forum] if it so desired." In the view of the court of appeals, "[t]his proposed course of action would seem impossible . . . if Ohio's undisputed desire to keep the Klan off of government property would be sufficient to establish viewpoint discrimination." Id. at 1298-99. See also Hill v. Colorado, 530 U.S. 703, 715 (2000) (buffer zone around health care clinics content-neutral "even though the legislative history

9

makes it clear that its enactment was primarily motivated by activities in the vicinity of abortion clinics"); Wisconsin Education Association Council v. Walker, 705 F.3d 640, 650 (7th Cir. 2013)("We find nothing in [Supreme Court precedent] that encourages federal courts to search for some invidious motive when confronted with a facial challenge to a facially-neutral statute."); Gay Guardian Newspaper v. Ohoopee Regional Library Systems, 235 F. Supp. 2d 1362, 1375 (S.D. Ga. 2002) ("For argument's sake assume the worst here—that an impermissibly censorious motive figured into the Library's forum closing. Is that legally relevant? Absent any evidence that a facially neutral closure (or partial closure) policy bears the effect (in contrast to intent) of singling out an 'unwanted' speaker, this Court holds that it is not.").

Grossbaum and Capitol Square provide strong support for dismissal of plaintiff's claim. However, although defendants cited Grossbaum in their briefs, neither side addressed the question whether the holding in Grossbaum bars plaintiff's claim regarding the elimination of public discussion from town board meetings or, if not, whether Grossbaum should be extended to include plaintiff's claim. Accordingly, I will give the parties an opportunity to address those questions.

In their reply brief, defendants argue for first time that defendant Wasmundt is entitled to legislative immunity for his decision to eliminate public discussion from town board meetings. Dfts.' Rep. Br., dkt. #24, at 18-20 (citing Bagley v. Blagojevich, 646 F.3d 378 (7th Cir. 2011)). (Municipalities such as the town are not entitled to invoke legislative immunity. Capra v. Cook County Board of Review, 733 F.3d 705, 711 (7th Cir. 2013).)

Although defendants did not raise this issue in their opening brief, because this is a potentially dispositive issue as to the claim against Wasmundt and I am allowing the parties to submit supplemental briefs on other issues, plaintiff should address legislative immunity as well in his supplemental brief.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Town of Stettin and Matthew Wasmundt, dkt. #9, is DENIED as to plaintiff Roger Hoeppner's claim that defendants limited his speech at the July 22, 2013 and August 12, 2013 town board meetings, in violation of the First Amendment.

2. The parties may have until May 29, 2015, to file supplemental briefs addressing the questions raised in this opinion regarding plaintiff's claim that defendants violated his First Amendment rights by eliminating public discussion from town board meetings. If

plaintiff does not respond by then, I will construe his silence as a decision to abandon this claim.

    Entered this 12th day of May, 2015.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge