IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER HOEPPNER,

                              OPINION AND ORDER

            Plaintiff,

                                14-cv-162-bbc

    v.

TOWN OF STETTIN and
MATTHEW WASMUNDT,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Roger Hoeppner is a resident of the town of Stettin who attended meetings of the town board and often made comments during the "open discussion" segments of the meetings. Defendant Matthew Wasmundt is the town board chairperson. In this lawsuit brought under 42 U.S.C. § 1983, plaintiff contended that defendants' actions silencing him at two meetings and then ending the practice allowing public comments at town meetings violated of the First Amendment.

      In an order dated May 12, 2015, I denied defendants' motion for summary judgment with respect to plaintiff's claim that defendants violated his rights by silencing him at two meetings, but I stayed a decision with respect to the other claim to allow the parties to submit supplemental briefing on legislative immunity and the extent to which <u>Grossbaum v. Indianapolis-Marion County Building Authority</u>, 100 F.3d 1287 (7th Cir. 1996), forecloses plaintiff's second claim. Having reviewed the parties' supplemental briefs, I

1

conclude that Grossbaum requires dismissal of the claim, so it is not necessary to discuss legislative immunity.

As discussed in the May 12 order, in Grossbaum, the Court of Appeals for the Seventh Circuit rejected a First Amendment challenge to a decision to ban all private parties from placing displays in the lobby of the city-county building, despite evidence that the government had changed its policy in order to prevent the plaintiff from displaying a menorah there, as he had done in previous years. In the May 12 order, I read Grossbaum as standing for the proposition "that a showing of discriminatory intent is not enough on its own [to prove a First Amendment violation]; the plaintiff must show a discriminatory effect as well." Dkt. #25 at 8 (quoting Grossbaum, 100 F.3d at 1299 ("[I]t is th[e] unconstitutional effect that ultimately matters.")). My tentative conclusion was that Grossbaum required dismissal of plaintiff's claim that defendants violated the First Amendment by removing "open discussion" segments from town meetings: "In this case, as in Grossbaum, there is no discriminatory effect because defendants' decision to eliminate public discussion applies equally to all members of the public." Id. at 9. However, because the parties had not addressed this issue in their briefs, I gave both sides an opportunity to file a supplement.

In his supplemental brief, plaintiff argues that Grossbaum is not controlling for two reasons, but neither of these is persuasive. First, he quotes a footnote in Grossbaum in which the court stated that a regulation could be challenged as discriminatory if it is "facial[ly] neutral[]" but not "general[ly] applicabl[e]. Grossbaum, 100 F.3d at 1298 n.10.

As an example, the court cite a hypothetical "regulation that prohibited all private groups from displaying nine-pronged candelabra." Id. In that situation "[t]he lack of general applicability is obvious . . . from the narrowness of the regulation's design and its hugely disproportionate effect on Jewish speech." Id.

Plaintiff says that defendants' decision to end public comment at town meetings is similar to the hypothetical example in Grossbaum because defendants' decision had a "hugely disproportionate effect" on the few individuals like him who spoke often during public comment sessions. This argument cannot carry the day. Eliminating a forum will always affect some people more than others. For example, the government's decision in Grossbaum to ban lobby displays in the city-county building had a disproportionate effect on the few individuals who wanted to put up a display. That was not enough to prove a constitutional violation in Grossbaum because the decision applied to everyone in the same way, even if some people were more upset than others by the decision. It is the same in this case.

The difference between this case and the hypothetical regulation discussed in Grossbaum is that the hypothetical targeted a narrow type of speech (menorah displays) for disfavored treatment. In this case, no members of the public are permitted to speak at town meetings on *any* topic. In other words, all speech by the public is treated the same, so, under the logic of Grossbaum, there is no discriminatory effect.

Plaintiff's second argument is that Grossbaum "must be narrowly construed" because Palmer v. Thompson, 403 U.S. 217 (1971), a case cited in Grossbaum, was undermined by

3

later cases such as Hunter v. Underwood, 471 U.S. 222 (1985) and Washington v. Davis, 426 U.S. 229, 244 n.11 (1976).  However, with the exception of the argument that I have rejected above, plaintiff does not explain how Grossbaum could be "narrowly construed" to preserve plaintiff's claim without contradicting that case's holding.  In any event, the cases plaintiff cites were decided before Grossbaum, so the court of appeals could have taken those cases into consideration if it wished.  To the extent plaintiff believes that Grossbaum is inconsistent with any Supreme Court precedent, that is an issue he will have to take up with the court of appeals.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Matthew Wasmundt and Town of Stettin, dkt. #9, is GRANTED with respect to plaintiff Roger Hoeppner's claim that defendants ended "open discussion" at town meetings in violation of the First Amendment.  The case will proceed to trial on plaintiff's claim that defendants violated his First Amendment rights by prohibiting him from speaking at the July 22, 2013 and August 12, 2013 town meetings.

Entered this 12th day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge