IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER HOEPPNER,

                                                                 OPINION AND ORDER

                Plaintiff,

                                                                     14-cv-162-bbc

     v.

TOWN OF STETTIN and
MATTHEW WASMUNDT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Roger Hoeppner is proceeding on a claim that defendants Matthew Wasmundt and the Town of Stettin silenced plaintiff during the "public discussion" portion of town board meetings on July 22, 2013 and August 12, 2013, in violation of the First Amendment. Trial is scheduled for July 27, 2015. This order addresses defendants' motions in limine. (Plaintiff did not file any motions in limine.)

OPINION

Defendants have filed five motions in limine. In three of the motions (dkt. ##40, 41 and 44), they argue that plaintiff should be precluded from submitting evidence regarding any portion of town board meetings other than the "public discussion" portion of the July 22, 2013 and August 12, 2013 meetings. Defendants say that the other meetings are outside the scope of the case, so they have no relevance to plaintiff's remaining claims. In

1

response, plaintiff says that he concedes that other portions of other town board meetings "cannot supply a discrete basis for recovery," but he says that the other meetings "will only be relevant and admissible to the extent that [they] shed[] light on the motives of Mr. Wasmundt." The problem with plaintiff's response is that he does not explain why he believes that any particular conduct at the other meetings could be relevant to showing defendants' intent. Accordingly, I am granting defendants' motions in limine on this issue. If plaintiff wishes to seek reconsideration at the final pretrial conference, he will have to identify particular evidence he wants to introduce and he will have to explain why that evidence is relevant and otherwise admissible.

Defendants' other two motions are to exclude evidence "based on speculation, rumors or conjecture" and to exclude evidence of damages during the liability portion of the trial. Dkt. ## 42 and 43. I am denying both of these motions as unnecessary. With respect to the first motion, defendants do not identify any particular evidence they want to exclude and they do not need a motion to establish that speculative evidence is not admissible. With respect to the second motion, it is this court's general practice to bifurcate trials into a liability and a damages phase. In light of the narrow scope of the issues in this case, it is not clear whether bifurcation is necessary, but if both sides want to bifurcate liability and damages, I see no reason to require something different. Of course, if liability and damages are bifurcated, then it goes without saying that evidence regarding damages will not be admissible during the liability phase.

ORDER

IT IS ORDERED that

1. The motions in limine filed by defendants Matthew Wasmundt and the Town of Stettin to exclude evidence of town board meetings other than the "public discussion" portions of the July 22, 2013 and August 12, 2013 meetings, dkt. ##40, 41 and 44, are GRANTED.

2. Defendants' other motions in limine, dkt. ##42 and 43, are DENIED as unnecessary.

Entered this 20th day of July, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge